1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9   Taoma Tatchi,                              No. CV-24-00602-TUC-RM

10               Plaintiff,                     **ORDER**

11  v.

12  TransUnion LLC, et al.,

13               Defendants.

14

15          Plaintiff Ta'oma Tatchi initiated this action by filing a Complaint in the Pima

16  County Superior Court on November 4, 2024.  (Doc. 1-3.)[1]  Plaintiff's Complaint names

17  nine Defendants: Transunion LLC ("Transunion"); Equifax LLC ("Equifax"); Experian

18  LLC; Myfico LLC ("Myfico"); American Express Master Trust, Indentured Trustee

19  ("American Express"); Capital One LLC ("Capital One"); Chapman Automotive Group,

20  LLC ("Chapman Automotive Group"); Jim Click Ford, Inc. ("Jim Click Ford"); and

21  Autonationdirect.com, Inc.  (Doc. 1-3 at 3.)  On December 17, 2024, Jim Click Ford filed

22  a Notice of Removal, resulting in the opening of the above-captioned matter, case number

23  CV-24-00602-TUC-RM.  (Doc. 1.)  On the same date, Capital One filed a separate Notice

24  of Removal, resulting in the opening of case number CV-24-00603-TUC-RM.  (Doc. 1 in

25  CV-24-00603-TUC-RM.)  On January 29, 2025, this Court consolidated CV-24-00602-

26  TUC-RM with CV-24-00603-TUC-RM.  (Doc. 51.)

27          Equifax and Myfico have not entered appearances in this action.  TransUnion filed

28  ──────────────
    [1] Unless otherwise stated, all record citations refer to the docket in the above-captioned
    matter and to the page numbers generated by the Court's electronic filing system.

a Notice of Appearance on January 22, 2025 (Doc. 22), but has not yet answered or otherwise responded to Plaintiff's Complaint. Capital One filed a Motion to Dismiss on December 23, 2024. (Doc. 53.) American Express filed a Motion to Dismiss on December 24, 2024 (Doc. 13) and, on January 23, 2025, a Motion for Protective Order seeking to prohibit additional filings from Plaintiff until resolution of the Motion to Dismiss (Doc. 49). Chapman Automotive Group filed a Motion to Dismiss on December 30, 2024. (Doc. 19.) Jim Click Ford filed a Motion to Dismiss on January 3, 2025. (Doc. 25.) Experian Information Solutions, Inc. ("Experian")—misnamed in the Complaint as Experian LLC— filed a Motion to Dismiss on January 23, 2025. (Doc. 48.) AN Luxury Imports of Tucson Inc. d/b/a BMW Tucson ("AN Luxury Imports")—misnamed in the Complaint as AutonationDirect.com, Inc.—joins in the Motions to Dismiss filed by Capital One, American Express, and Chapman Automotive Group. (Doc. 52.)

Plaintiff has filed the following documents:

- Motion to File Documents Electronically (Doc. 15)
- Motion to Remand (Doc. 16)
- Affidavit Affirming Status, Challenging Jurisdiction, and Requesting Relief (Doc. 17)
- Motion to Strike All Defendants' Attorneys' Filings (Doc. 18)
- Motion for Summary Judgment (Doc. 21)
- Notice of Conditional Acceptance of District Judge Jurisdiction, Trial by Jury, and Opposition to Unsupported Motions (Doc. 37)
- Notice of Writ of Mandamus and Quo Warranto (Doc. 43)
- Objections and Oppositions with Notices to Strike All Defendants' Attorneys' Filings and Appearances (Docs. 44, 45)
- Certificate of Service (Doc. 50)
- Motions for Discovery, Objections, and Oppositions to Defendants' Filings (Docs. 55, 56)
- Notice of Objection and Opposition to Order Granting Defendants' Motion

for Extension (Doc. 66)

- Notice of Trespass and SCP Fee Schedule Invoice (Doc. 67)
- Notice of Default and Motion for Order to Show Cause (Doc. 68)
- Notice of Breach of Fiduciary Duty, Unlawful Trespass, and Demand to Strike (Doc. 69)
- Notice of Fraud, Unlawful Jurisdiction, Personal Liability (Doc. 70)

## I.    Plaintiff's Complaint

In his Complaint, Plaintiff asserts the following causes of action: (1) civil rights violations under 42 U.S.C. § 1983; (2) breach of fiduciary duty under state law; (3) fraud under A.R.S. § 13-2310 and 18 U.S.C. § 1341; (4) consumer credit violations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (5) violations of foreign diplomat protections under the Vienna Convention; and (6) violation of Section 29 of the Federal Reserve Act.  (Doc. 1-3 at 12.)   In Count One, Plaintiff alleges that he entered into consumer contracts with Defendants from October 2022 to November 2024, and that Defendants discriminated against him, denied him credit, issued derogatory credit reports, altered checks, and unlawfully retained his possessions, in violation of his constitutional rights to equal protection and due process.  (*Id.* at 10-11.)  In Count Two, Plaintiff alleges that Defendants acted in self-interest and engaged in fraudulent business practices, in violation of their fiduciary duties.  (*Id.* at 11.)   In Count Three, Plaintiff alleges that Defendants knowingly misrepresented material facts upon which Plaintiff relied to his detriment, and that they altered securities to commit fraud against Plaintiff.  (*Id.*)  In Count Four, Plaintiff alleges that Defendants reported false and defamatory information to credit agencies, damaging Plaintiff's credit profile, financial reputation, and business interests.  (*Id.* at 11-12.)  In Count Five, Plaintiff alleges that Defendants' discrimination and fraud violated his rights as a diplomat under the Vienna Convention.  (*Id.* at 12.)

As relief, Plaintiff seeks damages in the value of his private assets, alleged to be $20 trillion; an immediate credit score of 850 and the removal of any negative information in his credit reports; the issuance of ultra-high net worth consumer credit accounts and credit

1   cards, with no closure or collection actions; and the return of his "property and assets,"

2   including "lifetime care, maintenance, and servicing" of his vehicles at Defendants'

3   expense. (*Id.* at 7, 13.)

4   **II.    Plaintiff's Motion to Remand**

5          In his Motion to Remand, Plaintiff argues that his claims of fraud, breach of

6   fiduciary duty, and violations of the Uniform Commercial Code arise exclusively under

7   state law and must be adjudicated in state court. (Doc. 16 at 3.)  Plaintiff further argues

8   that the attorneys who signed the Notices of Removal lack firsthand knowledge of the

9   underlying facts of this case, failed to submit a complete state-court record, and failed to

10  obtain unanimous consent from all properly served defendants. (*Id.* at 2-4.)  Plaintiff asks

11  the Court to sanction Defendants' counsel and award Plaintiff fees and costs. (*Id.* at 4-5.)

12         Jim Click Ford filed a Response (Doc. 27), to which American Express, Experian,

13  and AN Luxury Imports join (Docs. 35, 36, 38).  Defendants argue that this Court has

14  federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint alleges

15  violations of federal law, and that this Court has supplemental jurisdiction over Plaintiff's

16  related state-law claims under 28 U.S.C. § 1367. (Doc. 27 at 3-4.)  Defendants contend

17  that a complete copy of the state-court record has been submitted, that consent of all

18  Defendants is not required, and that nothing in the records supports Plaintiff's request for

19  sanctions. (*Id.* at 4-5.)

20         Generally, "any civil action brought in a State court of which the district courts of

21  the United States have original jurisdiction, may be removed by the defendant or the

22  defendants, to the district court of the United States for the district and division embracing

23  the place where such action is pending."  28 U.S.C. § 1441(a).  "The district courts shall

24  have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

25  of the United States."  28 U.S.C. § 1331.  Plaintiff's Complaint raises claims arising under

26  the Constitution, laws, and treaties of the United States, and thus this Court has original

27  jurisdiction under 28 U.S.C. § 1331.  Accordingly, this action was removable under §

28  1441(a).  Furthermore, Plaintiff's state-law claims are sufficiently related to the federal

claims to give rise to supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction," the courts also "have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (state-law claim is part of the same case or controversy as a federal claim if the claims share a common nucleus of operative fact).

A removing defendant must file a notice of removal containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon the defendant in the action.  28 U.S.C. § 1446(a).[2]  When an action is removed solely under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* § 1446(b)(2)(A).  If all defendants who have been properly served did not join in the notice of removal at the time it was filed, the procedural defect may be cured by the defendants' post-removal joining in the notice of removal.  *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).  Furthermore, if a non-joining defendant was not "properly served," the defendant's "absence from the removal notice" does not "render the removal defective."  *Id.* at 957.

Here, Jim Click Ford and Capital One both filed Notices of Removal (Doc. 1; Doc. 1 in CV-24-00603-TUC-RM), and TransUnion (Doc. 23), Experian (Doc. 31), American Express (Doc. 8), and AN Luxury Imports (Doc. 40) have joined in and/or consented to the removal.  Chapman Automotive Group argues that it has not been properly served (Doc. 19), and the Court agrees, as discussed below.  There is no indication in the record that Equifax and Experian have been properly served.[3]  Accordingly, the Court finds that the

---

[2] It appears that a complete copy of the state-court record has been filed.  (Docs. 1, 26.)  Furthermore, Jim Click Ford's Notice of Removal was timely under 28 U.S.C. § 1446(b)(1), as it was filed within 30 days of service on Jim Click Ford.  (*See* Doc. 1 at 2; Doc. 1-25 at 2.)

[3] As discussed below, the state-court record contains Certificates of Service indicating Plaintiff served Defendants by certified/registered mail on November 25, 2024 (Doc. 1-24 at 9-11; Doc. 1-28 at 3-5; Doc. 1-31 at 3-5).  However, service on Defendants by certified mail fails to comply with Arizona Rule of Civil Procedure 4.1(i) and 4.2(h), and Plaintiff did not submit signed return receipts reflecting any Defendant's receipt of the summons and complaint via certified mail.

1    Notice of Removal is not defective based on a lack of consent of all properly served

2    defendants.

3              Plaintiff's Motion to Remand will be denied.

4    **III.    Defendants' Motions to Dismiss**

5              Capital One moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for

6    failure to state a claim upon which relief can be granted, or in the alternative, for a more

7    definite statement under Rule 12(e).  (Doc. 53.)[4]  Capital One argues that Plaintiff's claim

8    under 42 U.S.C. § 1983 must be dismissed because Plaintiff does not allege action taken

9    under color of state law and provides only conclusory allegations that Defendants violated

10   his rights under the Fourteenth Amendment.  (*Id.* at 7-8.)  Capital One further argues that

11   Plaintiff's breach of fiduciary duty claim fails because Plaintiff does not allege any facts

12   supporting the existence of a special relationship giving rise to any fiduciary duties.  (*Id.*

13   at 8-9.)  Capital One argues that Plaintiff fails to meet the heightened pleading statements

14   applicable under Federal Rule of Civil Procedure 9(b) to allegations of fraud.  (*Id.* at 9-10.)

15   Capital One argues that Plaintiff's FCRA claim fails because Plaintiff does not specify

16   what allegedly inaccurate or misleading information was reported to credit agencies, does

17   not allege that he disputed the information reported, and does not allege that Capital One

18   failed to conduct a proper investigation after receiving notice of a dispute.  (*Id.* at 10-12.)

19   Capital One argues that Plaintiff cannot assert claims for violation of foreign diplomat

20   protections under the Vienna Convention or for violation of Section 29 the Federal Reserve

21   Act, because no private causes of action exist under the Vienna Convention on Consular

22   Relations or Section 29 of the Federal Reserve Act.  (*Id.* at 12-13.)  Finally, Capital One

23   argues that Plaintiff's Complaint fails to satisfy the pleading standards of Federal Rule of

24   Civil Procedure 8(a)(2) because it fails to allege what duties or obligations Capital One

25   owed to Plaintiff, or what wrongful conduct Capital One allegedly committed.  (*Id.* at 13-

26   14.)

27   ─────────────
[4] AN Luxury Imports joins in Capital One's Motion to Dismiss.  (Doc. 52.)  Experian also
28   adopts Capital One's Motion to Dismiss, and further notes that Plaintiff alleges Experian
     violated the FCRA by reporting false, defamatory information to credit agencies, but
     Experian is a credit agency and could not have reported information to itself.  (Doc. 48.)

American Express moves for dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 13.)[5]  Alternatively, American Express asks the Court to quash the defective service and order Plaintiff to complete service and amend the Complaint to provide a more definite statement.  (*Id.*)  American Express argues that Plaintiff did not have leave of Court to serve by certified mail under Arizona Rule of Civil Procedure 4.1(k) and failed to provide a certified mail return receipt; that Plaintiff appears to have acted as his own process server in violation of Arizona Rule of Civil Procedure 4(d); and that a summons directed to American Express was never issued.  (*Id.* at 3, 10-11.)  American Express further argues that Plaintiff's filings constitute "paper terrorism," a tactic used in the sovereign citizen movement; that Plaintiff's Complaint fails to clarify which American Express-related entity is being sued or what conduct by American Express gives rise to the asserted causes of action; that a trust lacks the legal capacity to be sued under Arizona law; and that, to the extent Plaintiff intended to sue a trustee of American Express Master Trust, he failed to specify the trustee.  (*Id.* at 2-9.)

Chapman Automotive Group also moves for dismissal under Rule 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 19.)[6]  Chapman Automotive Group argues that its statutory agent received a copy of the summons and complaint in the mail on or around December 2, 2024, but the applicable rules require personal service rather than service by mail.  (*Id.* at 2-4.)  Chapman Automotive Group further argues that Plaintiff's Complaint consists almost entirely of legal conclusions, does not specify the conduct giving rise to the asserted causes of action, and fails to comply with the heightened pleading standards applicable to allegations of fraud.  (*Id.* at 4-5.)  Chapman Automotive Group asks that the Complaint be dismissed with prejudice because the allegations are factually frivolous and delusional.  (*Id.* at 5.)

---

[5] AN Luxury Imports joins in American Express's Motion to Dismiss.  (Doc. 52.)
[6] AN Luxury Imports joins in Chapman Automotive Group's Motion to Dismiss.  (Doc. 52.)

Jim Click Ford moves for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that Plaintiff's Complaint is incomprehensible and fails to allege facts to support the causes of action raised therein, and that it should be dismissed with prejudice because it contains numerous incredible assertions that cannot be true and attaches documents that appear to be inauthentic.  (Doc. 25.)

Plaintiff has inundated the Court with filings in this action but has not filed responses to Defendants' Motions to Dismiss, and none of his filings raise any non-frivolous arguments responsive to any of the issues addressed in the Motions to Dismiss. *See* LRCiv 7.2(i) (failure to file a required answering memoranda may be deemed a consent to the summary granting of a motion).

**A. Service of Process**

As discussed above, American Express, Chapman Automotive Group, and AN Luxury Imports challenge the sufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5).  (Docs. 13, 19, 52.)  The Court lacks personal jurisdiction over a defendant who has not been properly served. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).  "Once service is challenged, [the plaintiff] bear[s] the burden of establishing that service was valid[.]"  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If the plaintiff cannot satisfy this burden, the Court may dismiss the action or, if "there exists a reasonable prospect that service may yet be obtained," retain the action, quash service, and give the plaintiff an opportunity to effect proper service. *Dutrisac v. STMicroelectronics, Inc.*, No. 23-cv-06639-BLF, 2024 WL 3646949, at *3 (N.D. Cal. Aug. 2, 2024).

"[T]he question whether service of process was sufficient prior to removal is governed by state law," while the Federal Rules of Civil Procedure govern service after removal. *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).  Under the Arizona Rules of Civil Procedure, a domestic corporation, partnership, or other unincorporated association "may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized

by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.1(i), 4.2(h). "Service of process must be made by a sheriff, a sheriff's deputy, a constable, a constable's deputy, a [certified] private process server . . . , or any other person specially appointed by the court." Ariz. R. Civ. P. 4(d)(1). A court may order alternative means of service if a party shows that the standard means of service are "impracticable." Ariz. R. Civ. P. 4.1(k)(1).

The state-court record is voluminous and difficult to parse due to Plaintiff's filing of repetitive and procedurally improper documents. The state-court record appears to reflect the issuance of only one summons, to Experian LLC. (Doc. 1-25 at 3-4.) The record contains an affidavit in which Plaintiff discusses unsuccessful efforts to have the Pima County Sheriff's Department or the U.S. Marshal serve Defendants. (Doc. 1-5 at 7-10.) In addition, the record contains an Affidavit indicating the Pima County Sheriff's Department served Jim Click Ford on November 20, 2024 (Doc. 1-25 at 2), and Certificates of Service indicating that Plaintiff served Defendants by certified/registered mail on November 25, 2024 (Doc. 1-24 at 9-11; Doc. 1-28 at 3-5; Doc. 1-31 at 3-5). The Court has not located any order by the Pima County Superior Court authorizing alternative means of service.

Service on Defendants by certified mail fails to comply with Arizona Rules of Civil Procedure 4.1(i) and 4.2(h), which require personal service by an authorized process server. *See Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009 WL 1578313, at *2-3 (D. Ariz. June 3, 2009). Furthermore, it does not appear that Plaintiff filed signed return receipts reflecting any Defendant's receipt of the summons and complaint via certified mail. Accordingly, Plaintiff has not met his burden of establishing valid service of process.

Because dismissal without leave to amend is appropriate under Federal Rule of Civil Procedure 12(b)(6) for the reasons discussed below, the Court declines to allow a further opportunity to effect proper service.

1

2    **B. Failure to State a Claim**

3        A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint alleges fraud, the

5    plaintiff "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ.

6    P. 9(b). Dismissal of a complaint, or any claim within it, for failure to state a claim under

7    Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable

8    legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

9    *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting

10   *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a

11   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

12   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

14   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

15   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a

16   complaint need not include "detailed factual allegations," it must contain more than labels,

17   conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*,

18   550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as

19   true all well-pleaded factual allegations of the complaint and construe them in the light

20   most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

21   However, the court need not accept as true legal conclusions that are couched as factual

22   allegations. *Iqbal*, 556 U.S. at 678.

23       Plaintiff's Complaint fails to satisfy the pleading standards of Federal Rule of Civil

24   Procedure 8, and entirely fails to satisfy the heightened pleading standards of Rule 9. The

25   only non-conclusory factual allegation contained in Plaintiff's Complaint is the allegation

26   that Plaintiff entered into consumer contracts with Defendants from October 2022 to

27   November 2024. (*See* Doc. 1-3 at 10.) But Plaintiff provides no details regarding those

28   contracts. The other allegations of Plaintiff's Complaint, including the allegations of

fraudulent conduct, are wholly conclusory. With respect to Count One, Plaintiff makes

only conclusory allegations that Defendants discriminated against him in violation of his constitutional rights, and he fails to allege that Defendants—which are all private entities—acted under color of state law. *See* 42 U.S.C. § 1983. With respect to Count Two, Plaintiff fails to allege the existence of any special relationships giving rise to fiduciary duties, and he fails to provide any factual details concerning Defendants' alleged fraudulent business practices. With respect to Count Three, Plaintiff's allegations are wholly conclusory and fail to comply with Federal Rule of Civil Procedure 9's heightened pleading standards. With respect to Count Four, Plaintiff does not allege that Defendants failed to conduct a reasonable investigation after receiving notice of a dispute concerning the accuracy of any information provided to a credit reporting agency. *See* 15 U.S.C. § 1681s-2(b); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (FCRA creates a private right of action for violation of 15 U.S.C. § 1681s-2(b) but not for violation of § 1681s-2(a)). Plaintiff also fails to specify what allegedly false information was reported to credit agencies, and by whom. With respect to Plaintiff's claims regarding violations of the Vienna Convention and Section 29 of the Federal Reserve Act, no private right of action exists for such alleged violations. *See generally Cornejo v. Cnty. of San Diego*, 504 F.3d 853 (9th Cir. 2007) (no private cause of action for violation of Vienna Convention on Consular Relations); *Smith v. Crowl*, No. 1:23-cv-01474-JLT-BAM, 2024 WL 150251, at *3 (E.D. Cal. Jan. 12, 2024) (no private cause of action under Section 29 of the Federal Reserve Act). Furthermore, Plaintiff's Complaint does not allege any non-conclusory facts showing a violation of the Vienna Convention or Section 29 of the Federal Reserve Act.

Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Court will grant Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981). Defendants TransUnion, Equifax, and Myfico have not moved for dismissal, but the

grounds for dismissal apply equally to them.    Accordingly, the Court will dismiss Plaintiff's Complaint as to all Defendants.

### C. Dismissal Without Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).  "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).  A case is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic," "delusional," "irrational," or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted).

Here, Plaintiff's Complaint is entirely devoid of non-conclusory factual allegations supporting Plaintiff's claims, and it is riddled with delusional, irrational, and incredible allegations.  For example, Plaintiff avers in the Complaint that he is a "diplomat" and "an internationally protected person" with private assets valued at more than $20 trillion, which would make him the richest person in the world, even though he declared under penalty of perjury in his Application for Deferral or Waiver of Court Fees in Pima County Superior Court that he is unemployed, has no income, and is unable to pay court filing fees and other litigation costs.  (*Compare* Doc. 1-3 at 6-7, *with* Doc. 1-1 at 3-7.)  Plaintiff's Complaint also contains other implausible, incredible, and delusional statements, including that "all BAR members are foreign agents of the Crown" who receive unconstitutional titles of nobility.  (Doc. 1-3 at 7-8.)  Plaintiff's numerous other filings in this action contain similarly fanciful and delusional assertions.  Furthermore, Plaintiff attaches a number of apparently fictitious documents to his Complaint.  (*See id.* at 15-76.)

Because this action is frivolous, there is no reason to grant leave to amend.  *See Lopez*, 203 F.3d at 1127 n.8.  Furthermore, Plaintiff has not identified any way in which he could cure the deficiencies of his Complaint through the allegation of other facts.

Dismissal without leave to amend is appropriate.

In light of the dismissal of this action, the Court will deny as moot all other pending Motions and Notices.

**IT IS ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 16) is **denied**.

2. Defendants' Motions to Dismiss (Docs. 13, 19, 25, 48, 52, 53) are **granted**. Plaintiff's Complaint (Doc. 1-3) and this action are **dismissed**. The Clerk of Court is directed to enter judgment in favor of Defendants and terminate this action.

3. All other pending Motions (Docs. 15, 18, 21, 49, 55, 56, 66, 67, 69), and all other filings that request any judicial relief, are **denied as moot**.

Dated this 11th day of February, 2025.

_____
Honorable Rosemary Márquez
United States District Judge