**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taoma Tatchi,<br><br>          Plaintiff,<br><br>v.<br><br>TransUnion LLC, et al.,<br><br>          Defendants. | No. CV-24-00602-TUC-RM<br><br>**ORDER** |

      Pending before the Court is Plaintiff Ta'oma Tatchi's Motion for Leave to Appeal in Forma Pauperis. (Doc. 78.) In the Motion, Plaintiff states that he, "as a living man, is the beneficiary of a private trust, wherein all property and assets are held by trustees for the benefit of the beneficiary." (*Id.* at 2.) Plaintiff avers in the Motion and an attached affidavit that he has no "taxable income" or "independent financial resources outside of what is administered by the trustees of the private estate," and that he has no personal property or assets in his "individual capacity." (*Id.* at 2-3.) He notes that he was previously granted a fee waiver in state court.[1] (*Id.* at 2, 4.) He argues that his appeal "raises non-frivolous constitutional, statutory, and jurisdictional challenges regarding the unlawful dismissal of this case," and that this Court's "failure to prove jurisdiction, improper removal, and denial of due process justify appellate review." (*Id.* at 2.)

      Under Federal Rule of Appellate Procedure 24(a)(1), a party who desires to appeal

---

[1] Plaintiff also avers that he was granted a fee waiver in federal court (Doc. 78 at 2, 4), but the docket does not support that averment (*see* Docs. 1, 2 (filing fee paid upon removal of action from state court by Defendant Jim Click Ford Incorporated).)

in forma pauperis must file a motion in the district court and attach an affidavit that:

    (A)    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
    (B)    claims an entitlement to redress; and
    (C)    states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Form 4 requires a party to list monthly income from various sources, including retirement payments, disability payments, and public assistance; employment history for the prior two years; cash and assets; and average monthly expenses, among other categories of information.

        Plaintiff avers in his Motion and the attached affidavit that he has no taxable income or assets, but he does not provide any information concerning his average monthly expenses, and he does not state whether he receives any payments from retirement benefits, disability benefits, or public assistance. The Court notes that the record in this case contains a letter from the Department of Veterans Affairs ("VA") indicating that Plaintiff may receive VA disability benefits. (*See* Doc. 83-1.) The Court also notes that Plaintiff claims in his Complaint to have private assets valued at more than $20 trillion. (*See* Doc. 1-3 at 7.) Plaintiff has not shown an inability to pay or give security for fees and costs in the detail prescribed by Rule 24(a)(1) and Form 4 of the Appendix of Forms.

        Furthermore, although Plaintiff refers in conclusory fashion to "constitutional, statutory, and jurisdictional challenges" to this Court's dismissal Order, Plaintiff has not identified any specific legal issues that he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Accordingly, to the extent Plaintiff must file a motion for leave to appeal in forma pauperis, the Motion that he filed does not satisfy the requirements of Rule 24(a)(1).

        "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization" unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for

the certification or finding." Fed. R. App. P. 24(a)(3).  Because Plaintiff was granted leave to proceed in forma pauperis in state court prior to removal, but not in federal court, it is unclear whether the provisions of Rule 24(a)(1) or Rule 24(a)(3) apply.  To the extent the provisions of Rule 24(a)(3) are applicable, this Court certifies that Plaintiff is not entitled to proceed in forma pauperis because (1) he has not sufficiently demonstrated an inability to pay or give security for the court fees and costs, and (2) his appeal is not taken in good faith because he has not demonstrated any non-frivolous issues for appeal. *See Sanders v. Fitness Int'l LLC*, No. CV-23-00481-PHX-MTL, 2024 WL 945132, at *1 (D. Ariz. Feb. 7, 2024) (an appeal is taken in good faith if it seeks review of at least one non-frivolous issue).

**IT IS ORDERED** that Plaintiff's Motion for Leave to Appeal in Forma Pauperis (Doc. 78) is **denied**, and this Court certifies that Plaintiff is not entitled to proceed in forma pauperis for the reasons stated above.

Dated this 24th day of March, 2025.

_____
Honorable Rosemary Márquez
United States District Judge