**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taoma Tatchi,<br><br>              Plaintiff,<br><br>v.<br><br>TransUnion LLC, et al.,<br><br>              Defendants. | No. CV-24-00602-TUC-RM<br><br>**ORDER** |

On February 11, 2025, the Court dismissed the above-captioned matter under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted (Doc. 71), and the Clerk of Court entered judgment in favor of Defendants (Doc. 72). Currently pending before the Court is Defendant Jim Click Ford Incorporated's Motion for Attorney Fees (Doc. 79), which is fully briefed (Docs. 83, 86). Defendant requests an attorney's fee award of $4,720.00 under 42 U.S.C. § 1988. (Docs. 79, 86.) Defendant "recognizes that it is only entitled to attorneys' fees for the work attributable to defending against" Plaintiff's 42 U.S.C. § 1983 claim, and Defendant accordingly requests 1/6th of its total attorney's fees incurred in this action, reflecting a pro-rata allocation based on the number of claims asserted in Plaintiff's Complaint. (Doc. 79 at 3.) Defendant argues that the requested fee award is appropriate because Defendant is a prevailing party, Plaintiff's claims in this action were frivolous, and the requested amount of fees is reasonable. (Doc. 80.)

"Our legal system generally requires each party to bear his own litigation

expenses, including attorney's fees, regardless whether he wins or loses." *Fox v. Vice*, 563 U.S. 826, 832 (2011). However, 42 U.S.C. § 1988 allows for the award of "a reasonable attorney's fee" to "the prevailing party" in certain civil rights cases, including suits brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). Courts may award attorney's fees to prevailing plaintiffs as a matter of course under § 1988. *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011). However, a prevailing defendant may obtain an attorney's fee award under § 1988 only in "exceptional circumstances," *id.*, "'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation,'" *Fox*, 563 U.S. at 833 (quoting *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 421 (1978)). The party seeking an award of attorneys' fees bears the burden of establishing its entitlement to such an award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Here, Plaintiff proceeded pro se and asserted a civil rights claim under 42 U.S.C. § 1983, along with five other claims for breach of fiduciary duty, fraud, violation of the Fair Credit Reporting Act, violation of the Vienna Convention, and violation of the Federal Reserve Act. (Doc. 1-3 at 12.) This Court dismissed all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) and declined to grant leave to amend on the grounds that this action is frivolous. (Doc. 71.) Accordingly, Defendant is a prevailing party, and this Court has recognized Plaintiff's claims as frivolous. Nevertheless, the Court declines in its discretion to award attorney's fees to Defendant.

The "frivolous, unreasonable, or without foundation" standard is applied "with particular strictness in cases in which the plaintiff proceeds pro se." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). Courts must consider "the plaintiff's ability to recognize the merits of his or her claims" when determining whether to hold the plaintiff responsible for paying the cost of a prevailing defendant's attorney's fees. *Id.* Furthermore, courts "should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant." *Id.* at 621.

In this action, Plaintiff proceeded pro se, and the record indicates that he has been

unable to accurately assess the merits of his claims, whether through a lack of legal knowledge or as a result of possible mental health issues. Defendant has not cited any prior administrative or judicial findings that would have put Plaintiff on notice, prior to the filing of this action, that his claims were frivolous. *See Miller*, 827 F.2d at 620 (recognizing that "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant"). Furthermore, Defendant has presented no evidence showing that Plaintiff has the ability to pay an award of attorneys' fees. *See id.* at 621 (vacating award of attorney's fees where the district court failed to explain "how, or if, the court concluded" that the plaintiff was able to pay the award).

Finally, Defendant has not established the propriety of awarding a pro-rata allocation of attorney's fees based solely on the number of claims asserted in Plaintiff's Complaint. A defendant may receive an award under § 1988 only for the portion of its attorney's fees that it "would not have paid but for" the plaintiff's frivolous civil rights claim. *Fox*, 563 U.S. at 836. "[T]he pro-rata allocation of general fees between claims for which a fee award is appropriate and claims for which such an award is not appropriate, based solely on the number of claims, is impermissible." *Harris*, 631 F.3d at 971.

**IT IS ORDERED** that Defendant Jim Click Ford Incorporated's Motion for Attorney Fees (Doc. 79) is **denied**.

Dated this 24th day of March, 2025.

_____
Honorable Rosemary Márquez
United States District Judge